UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JESSICA ROSS, §<br>　　Plaintiff §<br>§<br>v. §<br>§<br>AUSTIN FREE-NET, KEVIN ENDERS, §<br>JOHN SIRMAN, SHARON STROVER, §<br>AND BERNARD VENSON, §<br>　　Defendants. § | | Case No. 1:23-cv-01515 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff Jessic Ross brings this action against Defendants Austin Free-Net, Kevin Enders, John Sirman, Sharon Strover, and Bernard Venson, and in support thereof, would show the Court as follows:

### Introduction

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

### Jurisdiction

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

### Venue

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Austin Free-Net has offices located in Austin, Texas.

## Parties

4. Plaintiff is an individual who resides in Austin, Texas. Plaintiff works for Austin Free-Net in Austin, Texas.

5. Austin Free-Net is a non-profit corporation, formed and existing under the laws of the State of Texas, and at all times material to this complaint, maintained and operated a business in Austin, Texas.

6. Defendant Kevin Enders is a resident of Round Rock, Texas, and the President of Austin Free-Net.

7. Defendant John Sirman is a resident of Austin, Texas, and the Treasurer of Austin Free-Net.

8. Defendant Sharon Strover is a resident of Austin, Texas, and a director of Austin Free-Net.

9. Defendant Bernard Venson is a resident of Round Rock, Texas, and a director of Austin Free-Net.

## Facts

10. Austin Free-Net is an employer as defined by 29 U.S.C. § 203(d). Austin Free-Net was the first organization to wire Austin city libraries and put computers in schools and community centers around Austin. Austin Free-Net is focused on breaking down barriers to access and education by continuing to manage internal public access computer labs throughout Austin. These public access computer labs offer a variety of basic digital skills education classes and workshops in both physical and virtual environments. Additionally, Austin Free-Net organizes device donation procurement in partnership with the City of Austin's Community PC Program, which directly benefits community members and organizations who are in need of computer

equipment. Austin Free-Net's Digital Navigator program, which launched in 2021, meets the demand of the Austin community's desire for one-on-one basic digital assistance to affordable internet access, device acquisition, technical skills, communication, and application support. Austin Free-Net works with the Austin community to provide digital access and education to all with a heavy emphasis on the most underserved community members. Austin Free-Net offers computer and technology training via self-paced learning options and in-person workshops. Austin Free-Net gives computers to local Austin non-profit organizations whose clients lack access to a home computer. Through its Learn & Earn program, program participants can earn a computer device free of charge for their personal and private use. Austin Free-Net provides digital navigators, which are trusted guides within the Austin community, to assist Austin community members one on one with internet adoption and the use of computing services. Digital navigation services provided by Austin Free-Net include personalized ongoing assistance with affordable internet access, device acquisition, technical skills, and application support.

11. Austin Free-Net has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff is employed.

12. At all times material to this complaint, Austin Free-Net employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.

13. At all times material here to, Defendants Kevin Enders, John Sirman, Sharon Strover, and Bernard Venson actively ran the business of Austin Free-Net on a day-to-day basis; acted directly or indirectly in the interest of Austin Free-Net in relation to Plaintiff's employment; and/or were substantially in control of the terms and conditions of Plaintiff's work.

14. Defendants Kevin Enders, John Sirman, Sharon Strover, and Bernard Venson have the ability to hire and fire employees, supervise or control employees' work schedules and

conditions of employment, and/or determine the rate and method of payment of wages to employees. Defendants Kevin Enders, John Sirman, Sharon Strover, and Bernard Venson are Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. From on or around August 25, 2020, to March 21, 2021, Plaintiff worked for Defendants as a program specialist/project coordinator. Plaintiff's duties were clerical in nature. More specifically, Plaintiff's duties were to follow the instructions of Executive Director Skye Downing.

16. As a program specialist/project coordinator for Austin Free-Net, Plaintiff did not supervise any employees.

17. As a program specialist/project coordinator for Austin Free-Net, Plaintiff did not exercise discretion or independent judgment. Likewise, Plaintiff did not formulate policy or procedure. Rather, Plaintiff was required to apply existing policies and procedures. Plaintiff could not deviate from existing policies and procedures without the approval of a supervisor.

18. As a program specialist/project coordinator for Austin Free-Net, Plaintiff's primary duty was not the performance of office work directly related to the management or general business operations of Austin Free-Net or its customers.

19. Ms. Ross's position as a program specialist/project coordinator was initially classified as non-exempt. During the time period in which the position was classified as non-exempt, Plaintiff worked in excess of 40 hours a week, and in violation of the Fair Labor Standards Act, Austin Free-Net failed to pay her overtime wages.

20. On September 20, 2020, with the knowledge and approval of Austin Free Net's Board of Directors and its human resources provider, the classification of Ms. Ross's position as a program specialist/project coordinator was changed from non-exempt to exempt. After the

position was classified as exempt, Plaintiff continued to work in excess of 40 hours a week, and Austin Free-Net continued to fail to pay her overtime wages. Austin Free-Net's Board of Directors and human resources provider were aware of the organization's misclassification of Ms. Ross and other employees and not only refused to correct the problem but instructed Ms. Ross and other Austin Free-Net employees not to document their overtime.

21. On March 22, 2021, Ms. Ross was promoted to project/programs manager. Plaintiff's duties were clerical in nature. More specifically, Plaintiff's duties were to follow the instructions of Executive Director Skye Downing.

22. As a project/programs manager for Austin Free-Net, Plaintiff did not supervise any employees.

23. As a project/programs manager for Austin Free-Net, Plaintiff did not exercise discretion or independent judgment. Likewise, Plaintiff did not formulate policy or procedure. Rather, Plaintiff was required to apply existing policies and procedures. Plaintiff could not deviate from existing policies and procedures without the approval of a supervisor.

24. As a project/programs manager for Austin Free-Net, Plaintiff's primary duty was not the performance of office work directly related to the management or general business operations of Austin Free-Net or its customers.

25. In violation of the Fair Labor Standards Act, and with the knowledge and approval of Austin Free Net's Board of Directors and its human resources provider, Plaintiff's position was classified as exempt. Plaintiff worked in excess of 40 hours a week, and Austin Free-Net failed to pay her overtime wages. In addition, Austin Free-Net's Board of Directors and human resources provider were aware of the organization's misclassification of Ms. Ross and other

employees and not only refused to correct the problem but instructed Ms. Ross and other Austin Free-Net employees not to document their overtime.

26. Plaintiff was at all times material individually engaged in interstate commerce, as her work was directly related to the movement of things (including information) across state lines. Plaintiff's regular and recurring work included the use of the Internet, telephone, a computer, a computer email system, and other channels of interstate commerce.

27. During one or more weeks during Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours.

28. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular pay rate of pay for each hour worked in excess of 40 hours in a workweek.

29. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages that should have been paid but were not paid.

30. Defendants failed to act reasonably to comply with the FLSA, and as such, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

31. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

32. Plaintiff has retained the law firm of Frost Domel PLLC to represent her in this action. Plaintiff has entered into a valid contract with Frost Domel PLLC and has appointed the

undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

## Request for Relief

For these reasons, Plaintiff demands judgment, jointly and severally, against Defendants as follows:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. §216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and

e. For any such other relief as the Court may find proper, whether at law or in equity.

## Demand for Jury Trial

Plaintiff demands a jury trial on all issues triable.

- 8 -

        Respectfully submitted,

        FROST DOMEL PLLC
        Emily Frost
        State Bar No. 24036601
        2499 S. Capital of Texas Hwy
        Suite B-203
        Austin, Texas 78746
        (512) 640-5501
        emily@frostdomel.com

By: _/s/ Emily Frost_____
        Emily Frost

        ATTORNEYS FOR PLAINTIFF